468

CITY OF FAYETTEVILLE, Arkansas *v.* James Kenneth
ROSE

87-224                                                    743 S.W.2d 817

Supreme Court of Arkansas
Opinion delivered February 8, 1988

*James N. McCord*, for appellant and cross-appellee.

*E. Lamar Pettus*, for appellee and cross-appellant.

DARRELL HICKMAN, Justice. This is a Freedom of Information Act case. The question is whether the so-called law enforcement provision of the Arkansas Freedom of Information Act makes records of an investigation conducted by the Fire and

Police Departments of the City of Fayetteville closed to the public. The trial court held that the records and photographs held by the Fayetteville Police Department were exempt from public disclosure because they were records of an "undisclosed investigation by a law enforcement agency of criminal activity." It held the fire department records open to the public because the fire department is not a law enforcement agency. The City of Fayetteville challenges the court's decision regarding the fire department records; the appellee, James Kenneth Rose, who sought the records, challenges the decision regarding the police department. We find all the records are public and available for examination because they were not records of an "undisclosed investigation."

The facts are not disputed. On September 26, 1985, a flashlight exploded in the electrical shop of James Kenneth Rose in Fayetteville, injuring two people. Both the Fayetteville Fire and Police Departments investigated the matter. One of the injured parties reported seeing other flashlights in the shop similar to the one which exploded.

The federal Bureau of Alcohol, Tobacco and Fire Arms was notified, and it conducted an investigation. This report was turned over to the U.S. Attorney's Office. A federal grand jury subsequently indicted Rose for manufacturing and possessing unregistered explosive devices. Rose's attorney requested permission under the Arkansas Freedom of Information Act to inspect and copy any records and photographs contained in the investigative reports made by the Fayetteville Fire and Police Departments. At the request of the U.S. attorney, the City of Fayetteville refused to honor the request of Rose's attorney on the basis that the records were from an "undisclosed investigation by law enforcement agencies of suspected criminal activity" and therefore exempt from disclosure under Ark. Code Ann. § 25-19-105(b)(6) (1987).

We agree with the trial court's decision regarding the fire department records but for a different reason. There was no "undisclosed investigation." Everyone knew about it. The Fire and Police Departments of Fayetteville had finished their investigation. The federal Bureau of Alcohol, Tobacco, and Fire Arms had investigated the matter, turned its report over to the U.S.

attorney's office, and a federal grand jury had returned an indictment. No reading of the Freedom of Information Act consistent with our decisions could support a finding that there was an "undisclosed investigation" involved. Therefore, the records held by the fire and police departments are subject to disclosure under the Freedom of Information Act.

■ Generally, all public records are available for inspection under the Freedom of Information Act. Exceptions to that rule are spelled out in Ark. Code Ann. § 25-19-105. The exception we are dealing with reads that "undisclosed investigations by law enforcement agencies of suspected criminal activity" "shall not be deemed to be made open to the public." Ark. Code Ann. § 25-19-105(b)(6) (1987). This provision is unique to Arkansas law. Other states have somewhat similar provisions in their Freedom of Information Acts, but none are exactly like ours. For example, the Oregon provision exempts from disclosure "investigatory information compiled for criminal law purposes," unless the public interest requires disclosure in the particular instance. *See Jensen* v. *Schiffman*, 24 Or. App. 11, 544 P.2d 1048 (1976). The Massachusetts provision exempts from disclosure "investigatory materials necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest." *See Bougas* v. *Chief of Police of Lexington*, 371 Mass. 59, 354 N.E.2d 872 (1976). *See also State ex rel. Beacon Hornal Publishing* v. *University of Akron*, 64 Ohio St. 2d 392, 415 N.E.2d 310 (1980), for the Ohio provision, and *see* J. Watkins, *Access to Public Records under the Arkansas Freedom of Information Act*, 37 Ark. L. Rev. 741 (1983-84).

■ In making our decision, we have interpreted the Freedom of Information Act as we always have "to promote free access to public records." *Legislative Joint Auditing Committee* v. *Woosley*, 291 Ark. 89, 722 S.W.2d 581 (1987).

We need not reach the question of whether the Fayetteville Fire Department is a law enforcement agency because we have decided there was not an "undisclosed investigation" involved.

Affirmed on direct appeal. Reversed on cross-appeal.

HOLT, C.J., and HAYS, J., dissent.

STEELE HAYS, Justice, dissenting. The majority interprets the Freedom of Information Act as holding that when an investigation of criminal activity by a law enforcement agency is disclosed, the records of such investigation are thereby open to public inspection. The provision, Ark. Code Ann. § 25-19-106(b)(6), a part of the original act, reads:

> (b) It is the specific intent of this section that the following records shall not be deemed to be made open to the public by the provisions of this chapter:
>
> * * *
>
> (6) Undisclosed investigations by law enforcement agencies of suspected criminal activity[.]

Granted, the wording could be improved on, but to make the interpretation depend on whether the public knows or doesn't know that an investigation of particular criminal conduct is underway could hardly be what was intended by this language. It is inconceivable that the legislature meant that police records of a highly sensitive criminal investigation, whether ongoing or concluded, become subject to public inspection in their entirety based on whether the *investigation itself* is disclosed or undisclosed.

Every major crime in this day and age is widely publicized by the media and most are investigated, often with periodic statements by the police relative to the progress of the investigation. If I read the majority opinion correctly, such investigations are now subject to the perusal of anyone who cares to inspect police files, however sensitive.

It is an understatement to suggest that this decision does not bode well the future of effective criminal investigative work by law enforcement agencies. The dangers inherent in the untimely disclosure of criminal investigations were cited by the Massachusetts Supreme Court in *Bougas* v. *Chief of Police of Lexington*, 354 N.E.2d 872 (Mass. 1976)[1] in a factually similar setting:

---

[1] The Massachusetts exemption (G.L.c. 4 § 7) excludes "(f) investigatory materials necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice the possibility of

> The exemption . . . recognizes that the disclosure of certain investigatory materials could detract from effective law enforcement to such a degree as to operate in derogation, and not in support, of the public interest. Included among the purposes in providing this exemption would be the avoidance of premature disclosure of the Commonwealth's case prior to trial, the prevention of the disclosure of confidential investigative techniques, procedures, or sources of information, the encouragement of individual citizens to come forward and speak freely with police concerning matters under investigation, and the creation of initiative that police officers might be completely candid in recording their observations, hypothesis and interim conclusions.

What the provision in our act undoubtedly means is that when an investigation is of a type, or at a point, where nondisclosure is not crucial to the investigation, such records are no longer exempt. While we are bound to construe legislation in a manner consistent with the common and ordinary meaning of the language used, *Bolden* v. *Watt*, 290 Ark. 343, 719 S.W.2d 428 (1986), we are *not* required to abandon our common sense or to adopt a literal interpretation which leads to an implausible result. *Woodcock* v. *First Commercial Bank*, 284 Ark. 490, 683 S.W.2d 605 (1985); *Berry* v. *Gordon*, 237 Ark. 547, 376 S.W.2d 279 (1964).

I do not suggest that such records should be given blanket, automatic exemption from the act. Rather, when the disclosure of information would no longer be inimical to the investigation, or prejudicial to effective law enforcement, the exemption should be lifted. *See Watkins, Access to Public Records Under The Arkansas Freedom of Information Act*, 37 Ark. L. Rev. 741 (1984). In this particular case the appellee should be able to gain inspection of the records under federal discovery procedures. I respectfully submit the trial court should be affirmed on cross-appeal.