The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72701
Dear Senator Malone:
You have requested an opinion of this office regarding the Arkansas Freedom of Information Act (FOIA), codified at A.C.A.25-19-101 et seq. Specifically, you wish to know if the records of an on-going police investigation are subject to public disclosure after a press release has been issued prior to completion of the case?
The answer to your question is no.
As you know, records of an "undisclosed investigation by law enforcement agencies of suspected criminal activity" are exempt from public disclosure under A.C.A. 25-19-105(b)(6) (1987).
However, the Arkansas Supreme Court has held that the records of completed criminal investigations are subject to public copying and inspection as provided by the FOIA. In City of Fayetteville v. James Kenneth Rose, 294 Ark. 468, (1988), the majority wrote:
 . . . There was no "undisclosed investigation". Everyone knew about it. The Fire and Police Departments of Fayetteville had finished their investigation. The federal Bureau of Alcohol, Tobacco and Fire Arms had investigated the matter, turned its report over to the U.S. attorney's office, and a federal grand jury had returned an indictment. No reading of the Freedom of Information Act consistent with our decisions could support a finding that there was an "undisclosed investigation" involved.
While the court does refer to the investigation as something that "Everyone knew about . . .", Rose, 294 Ark. at 469, the above language indicates that the court also takes into consideration the fact that the investigations by local and federal law enforcement agencies had been completed and the case had been turned over for prosecution. It is clear that these factors persuaded the court in reaching its decision.
The facts presented in the case at hand are not at all similar to those in Rose. The law enforcement agency has not yet completed its investigation nor has the appropriate prosecuting attorney been given the case for action. I believe the existence of both of these circumstances is vital to reaching the conclusion that an investigation is complete, and no longer free from scrutiny under the FOIA.
As you know, this office issued Opinion No. 87-182 to you. I believe this opinion is still valid, even in light of the decision in Rose, in terms of how to determine if an investigative record is subject to disclosure. It states in pertinent part:
 . . . an investigative file becomes subject to the provisions of the Freedom of Information Act at such time the case file is considered to be closed, be that by administrative action, a running of the statute of limitations, or by conviction or acquittal.
I still believe this to be an accurate balance of the legislative intent to protect law enforcement interest in confidentiality prior to trial and the Arkansas Supreme Court's mandate to interpret the FOIA liberally. Laman v. McCord, 245 Ark. 401, (1968).
In sum, it is the opinion of this office that records of not yet complete investigations are exempt from disclosure under the Arkansas Freedom of Information Act.