The Honorable William R. Bullock Prosecuting Attorney P.O. Box 220 Danville, Arkansas 72833-0220
Dear Mr. Bullock:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. 25-19-101 ET SEQ. You have asked the following specific question in this regard:
 Since the defendant in this case is charged as a juvenile, must the Yell County Sheriff's office and Arkansas State Police turn over to third parties copies of the autopsy, offense reports, statement of the defendant and other documents in the police files as a result of the investigation of this crime pursuant to a request under the Freedom of Information Act?
It is my opinion that the answer to this question is a qualified "yes".
There are a number of Code provisions which must be considered in reaching this conclusion.
Section 25-19-105(b)(6) exempts from public disclosure the records of "undisclosed investigations by law enforcement agencies of suspected criminal activity." Records contained in "disclosed" investigations are subject to public inspection. CITY OF FAYETTEVILLE v. ROSE, 294 Ark. 468 (1988) and McCAMBRIDGE v. CITY OF LITTLE ROCK, 298 Ark. 219 (1989).
In accordance with ROSE and McCAMBRIDGE, this office has opined that law enforcement investigative files become available for public inspection when an investigation is "closed" by administrative action, an expiration of the statute of limitations or the case proceeds to trial. ATTORNEY GENERAL OP. NOS. 87-182 and 88-055.
It should also be noted that Section 25-19-105(b)(8) exempts from inspection and copying documents which are protected by a court rule of order.
Since the case at hand involves the case file of a juvenile, Section 9-27-364 must also be considered. It states:
 No information whereby the name or identity of a juvenile who is the subject of proceedings under this subchapter may be ascertained shall be published by the news media without written order of the juvenile court.
This provision is not a restriction on the release of information regarding proceedings against a juvenile, but rather it is a restriction on the publication by the news media of such information. Therefore, this Code provision is no bar to the release of the information under the FOIA.
In sum, it is my opinion that law enforcement investigative records wherein the defendant is a juvenile are subject to public inspection and copying under the FOIA, so long as the investigation is "closed" and no protective order exists. I lack sufficient information to determine whether such circumstances exist in the present case.