The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72701
Dear Senator Malone:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. 25-19-101 et seq. You have asked, specifically, whether an arrest constitutes the end of the investigative process for purposes of the FOIA.
As you are aware, the records of on-going law enforcement investigations are exempt from public disclosure under A.C.A.25-19-105(b)(6). The Arkansas Supreme Court has held that once an investigation is considered to be closed, the records are available for public inspection. City of Fayetteville v. Rose,294 Ark. 468 (1988). McCambridge v. City of Little Rock, 298 Ark. 219
(1989).
This office has previously opined that an investigation is considered to be "closed" when the investigating agency declares the case closed, the statute of limitations expires, or the case proceeds to trial. (Attorney General Opinion Nos. 87-182 and88-055.)
With regard to arrests, it is possible that the particular facts of a case will result in the "closing" of an investigation upon an arrest, effectively opening the file to the public. The FOIA does not, however, address the issue of how a police agency determines when an investigation is complete, short of trial or an expiration of the statute of limitations.
It is therefore my opinion that the FOIA cannot be interpreted in such a way as to require the disclosure of law enforcement investigative records upon every arrest, without a determination by the arresting agency that the case is "closed". Please note that the above conclusion applies to records of the actual investigation, not such ancillary records as incident reports, jail logs, dispatch logs, etc., which may be maintained outside the investigative file.
In your letter of request, you state that your question is prompted by a record-keeping method by which the identity of a person arrested is not listed on any ancillary record as mentioned above. There is, of course, a myriad number of record-keeping methods which may, or may not, provide confidentiality by virtue of their operation. It is clear, however, that the FOIA does not dictate the method by which records are kept; rather, the act mandates the release of certain records. If the information necessary to identify a suspect is only contained in an active investigative file, then, for purposes of the FOIA, the information is exempt from disclosure until the conclusion of the inquiry. The propriety of such a record-keeping method is a policy decision to be made by local authorities.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.