The Honorable John Frank Gibson, Jr. Prosecuting Attorney P.O. Box 573 Monticello, AR 71655
Dear Mr. Gibson:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified as A.C.A. 25-19-101 et seq. (1987 and Supp. 1989). You have asked, specifically, whether you must disclose to the news media the contents of a State Police investigation upon which you have filed charges against a State Police undercover narcotics agent. The newspaper has requested a copy of the State Police report.
If your investigation of this matter is not "open and ongoing", (see Martin v. Musteen et al., No. 90-126, slip op. at 7 (Ark. Sup Ct. Nov. 19, 1990)), it is my opinion that the report is subject to inspection and copying under the FOIA.
In the case of Martin v. Musteen, the Arkansas Supreme Court addressed the exemption under the FOIA for "[u]ndisclosed investigations by law enforcement agencies of suspected criminal activity." A.C.A. 25-19-105(b)(6). After discussing the facts of the case and the holdings in two of its recent decisions, the Court concluded that the investigation in Martin ". . . was the sort of investigation intended by the general assembly to deserve the label `undisclosed,' because of its continuing and sensitive nature." Id. at 6. This conclusion followed the court's statement that two of its recent decisions, City of Fayetteville v. Rose, 294 Ark. 468, 743 S.W.2d 817 (1988) and McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989), ". . . have in common the fact that the investigation files sought to be released had to do with completed police investigations." Id. at 5. The Court noted language from the McCambridge opinion to the effect that the law enforcement investigation exemption is intended to prevent interference with "ongoing investigations". Id. The Court then stated the following with regard to the facts in Martin:
 While the investigation in this case was disclosed to the extent that it was public knowledge that Pinson was charged with a crime at the time the request for information was made, there was evidence that it was undisclosed as to other possible defendants.
Martin at 6.
There was, according to the court, testimony in the case ". . . that Pinson's case was part of a larger investigation involving a great deal of information about other persons allegedly involved with Pinson in trafficking in drugs", and that those investigations ". . .would continue for some time before the police stop the active investigation." Id. at 2.
The court concluded that this was an "ongoing" investigation meant to be protected as "undisclosed" under the FOIA. In noting that attempts to obtain information may be frustrated by the inclusion of references to closed investigations in ongoing investigations, the Court replied that this is a factual matter to be decided in each case. Id. at 6.
This case thus offers some guidance with respect to what constitutes "undisclosed investigations" for purposes of the exemption under A.C.A. 25-19-105(b)(6). The question to be decided is whether the investigation remains open and ongoing. This is a question of fact in each case. The completion of this particular investigation may or may not be determinative. The continuing nature of the investigation, as evidenced perhaps by the existence of a larger investigation indicating that the investigation is undisclosed as to other possible defendants, would, following the reasoning in Martin v. Musteen, be a factor supporting the application of the exemption. Other factors to consider, as stated previously by this office, include closure of the file by administrative action. See Att'y Gen. Op. No. 89-158; see also McCambridge v. City of Little Rock, supra. We cannot set forth a test that will be controlling in each instance. Rather, consideration must be given to all of the particular facts and circumstances in each case.
You have indicated in this case that you consider the investigation in question to be closed. This case is not part of a larger investigation; nor, you have indicated, can it be said to be "continuing" in any sense. It may reasonably be concluded in this instance that the exemption under A.C.A. 25-19-105(b)(6) is inapplicable, and that the investigation report is subject to disclosure.
As a final note, reference should be made to the Supreme Court's discussion in the McCambridge and Martin cases concerning the release of confidential informant statements. The Little Rock Police Department argued against the release of the statements in McCambridge, pointing to the resultant detrimental impact on effective law enforcement. The court recited the reasons given for providing such "exemption by interpretation", but concluded that "[t]he argument could be well addressed to the General Assembly. We can only interpret the exemption as it is written."298 Ark. at 233. The court cited in Martin v. Musteen to this portion of the McCambridge ruling, noting that it did not to go so far in that case as to say that the names of confidential informants must be protected from disclosure under the FOIA. Martin at 6. It must therefore be concluded that the FOIA makes no provision for removing the names or statements of confidential informants from the report of a closed investigation. Nor would the fact that the suspect is a material witness in several drug cases appear to be dispositive, unless the case is part of a larger investigation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.