The Honorable Paul Bosson Prosecuting Attorney Eighteenth Judicial District East 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Bosson:
This is in response to the request of Deputy Prosecuting Attorneys Marcia R. Hearnsberger and Rita R. Hale for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992).
Their question stems from a request made by the Arkansas Democrat-Gazette for disclosure of a case file that is maintained by the Garland County Prosecuting Attorney's Office. It is indicated that the file covers the prosecution of a four-day first degree murder trial that was completed on May 17, 1993, during which the defendant was convicted and sentenced to life in the Arkansas Department of Correction. The defendant was advised that he had thirty days to appeal the conviction.
The question presented is whether the prosecutor's case file is subject to disclosure under the Freedom of Information Act, or whether disclosure may be withheld until the defendant either fails to file a notice of appeal, or the case is affirmed by a superior court.
It is my opinion that if the investigation of this matter is not "open and ongoing" and no protective order has been entered, the case file is subject to inspection and copying under the FOIA. Whether the investigation is "open and ongoing" is a question of fact to be decided on a case-by-case basis.
Section 25-19-105(a) states that:
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
Section 25-19-103(1) defines a public record as:
 [W]ritings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
The FOIA thus presumes that all records maintained in public offices or by public employees within the scope of their employment are public records. As such, they are available for inspection and copying under the provisions of A.C.A. §25-19-105, unless an exemption applies to prevent their release. It is my opinion that a case file maintained by a prosecuting attorney's office would be a record kept of "official functions" and "maintained in public offices or by public employees within the scope of their employment" (A.C.A. § 25-19-103(1)), and thus falls within the provisions of the FOIA.
Section 25-19-105(b) states that:
 It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (6) Undisclosed investigations by law enforcement agencies of suspected criminal activity[.]
The Arkansas Supreme Court has stated that an investigation that remains open and ongoing is one intended to be protected as "undisclosed" under the FOIA. See Martin v. Musteen,303 Ark. 656, 799 S.W.2d 540 (1990). Whether an investigation is open and ongoing presents a question of fact in each case. See Op. Att'y Gen. 90-305.
In addressing this exemption, the Arkansas Supreme Court inMartin, supra, concluded that the investigation at issue ". . . was the sort of investigation intended by the general assembly to deserve the label `undisclosed,' because of its continuing and sensitive nature." 303 Ark. at 660. This conclusion followed the court's statement that two of its recent decisions, City of Fayetteville v. Rose, 294 Ark. 468,743 S.W.2d 817 (1988) and McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989), ". . . have in common the fact that the investigation files sought to be released had to do with completed police investigations." Id. at 659. The Court noted language from the McCambridge opinion to the effect that the law enforcement investigation exemption is intended to prevent interference with "ongoing investigations." Id. The Court then stated the following with regard to the facts in Martin:
 While the investigation in this case was disclosed to the extent that it was public knowledge that [the defendant] was charged with a crime at the time the request for information was made, there was evidence that it was undisclosed as to other possible defendants.
303 Ark. at 659-660.
There was, according to the court, testimony in the case ". . . that [the defendant's] case was part of a larger investigation involving a great deal of information about other persons allegedly involved with [the defendant] in trafficking in drugs," and that those investigations ". . . would continue for some time before the police stop the active investigation." Id. at 657.
The court concluded that this was an "ongoing" investigation meant to be protected as "undisclosed" under the FOIA. In noting that attempts to obtain information may be frustrated by the inclusion of references to closed investigations in ongoing investigations, the Court replied that this is a factual matter to be decided in each case. Id. at 660.
This case thus offers some guidance with respect to what constitutes "undisclosed investigations" for purposes of the exemption under A.C.A. 25-19-105(b)(6). The question to be decided is whether the investigation remains open and ongoing. This is a question of fact in each case. The completion of a particular investigation may or may not be determinative. The continuing nature of the investigation, as evidenced perhaps by the existence of a larger investigation indicating that the investigation is undisclosed as to other possible defendants, would, following the reasoning in Martin v. Musteen, be a factor supporting the application of the exemption. See also
Op. Att'y Gen. 92-237 ("[A]s long as the investigation is ongoing, whether pursued by the [Arkansas State Police] or by another assisting law enforcement agency, any records that are part of that investigation will . . . generally be exempt from disclosure under the FOIA.")
As a final matter, it should be noted that Section25-19-105(b)(8) also exempts from inspection and copying documents which are protected by a court rule or order.
In sum, the answer to your question will depend upon whether the case file is considered closed, i.e., there is no open and ongoing investigation, and whether a protective order has been entered. Whether a defendant has failed to file a notice of appeal or the case has been affirmed by a superior court is not relevant to the analysis of the "open and ongoing" status of the case file. Rather, the file is generally subject to disclosure under the FOIA so long as the investigation is "closed" and no protective order exists.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh