The Honorable Cliff Hoofman State Senator P.O. Box 1038 North Little Rock, AR 72115-1038
Dear Senator Hoofman:
I am writing in response to your request, submitted on behalf of the North Little Rock City Attorney, regarding whether the North Little Rock Police Department should disclose certain documents pursuant to the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. § 25-19-101
through -109 (Repl. 2002). The city attorney has provided the following background information:
 The North Little Rock Times submitted an Arkansas FOIA request for the police investigative file and the arrest/disposition report relating to an aggravated robbery that occurred in February of 2002.
 A copy of the case file was provided to the county prosecuting attorney, and a jury trial is scheduled to occur on October 31, 2002. At this time, the police department is not actively investigating this particular crime, nor is the department pursuing others who may have been involved in this February 2002 robbery. There is, however, an indication from the police department that the information contained within the investigative file "may potentially be used" in another investigation concerning a local robbery.
 A confidential informant involved in the February, 2002 robbery whose name is included in the investigative file was ordered by the Pulaski County Circuit Court Judge to be released by the prosecuting attorney to defense counsel. All individuals involved are adults, and no protective order concerning the case file has been filed in the criminal case. The statute of limitations has not expired, and the police department has not declared the file "closed." The prosecutor has expressed a desire for the city to refrain from releasing the file until a conviction or acquittal is effected in the criminal matter.
 For purposes of this request for opinion, assume that a police department has a policy that files are not closed until the investigation is concluded without an arrest, or following a trial when an arrest is involved. Please also assume that these files are not actively being used in any current investigation.
Based upon these reported facts, the city attorney has posed the following questions:
 1. Are police investigation files open to copying and inspection after an arrest but before trial?
 2. After a verdict is rendered, are police investigation files open to copying and inspection?
 3. After the appellate process is exhausted, are police investigation files open to copying and inspection?
 4. If these files are being used in another investigation, does this change your opinion as to all of the above?
RESPONSE
With respect to your first three questions, there is no general rule that dictates the disclosure of investigative files at any given stage of judicial proceedings. Regardless of how far matters have developed, the operative inquiry under the FOIA will always be whether an investigation can fairly be characterized as "open and ongoing" — an inquiry that will always be necessarily factual and, as such, beyond the power of this office to conduct. If a finder of fact determines that an investigation remains "open and ongoing," the investigative file will be exempt from disclosure pursuant to Ark. Code Ann. § 25-19-105(b)(6). With respect to your fourth question, regardless of what the status of legal activity might be with respect to a particular matter, the investigative file relating to that matter might be deemed "open and ongoing" based upon its pertinence to another or larger investigation. Again, only a finder of fact can determine whether this extended exemption from disclosure applies in any particular case.
Question 1: Are police investigation files open to copying and inspectionafter an arrest but before trial?
It depends. There is no bright-line rule that invariably applies under the circumstances described in this and your next two questions.
In Johninson v. Stodola, 316 Ark. 423, 425-26, 872 S.W.2d 374 (1994), the Arkansas Supreme Court offered the following summary of the law:
 Our Freedom of Information Act provides for the disclosure of public records which are defined as including writings and data compilations in any form. Ark. Code Ann. 25-19-103(1), 25-19-105(a) (Repl. 1992); see City of Fayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275
(1990). Our policy regarding the FOIA has been enunciated clearly in our case law — we will interpret it liberally to accomplish the purpose of promoting free access to public information. Depoyster v. Cole, 298 Ark. 203, 766 S.W.2d 606 (1989); City of Fayetteville v. Rose, 294 Ark. 468, 743 S.W.2d 817 (1988); Arkansas Gazette Co. v. Southern State College, 273 Ark. 248, 620 S.W.2d 258
(1981).
 There are exemptions to the FOIA, one of which directly relates to this case:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (6) Undisclosed investigations by law enforcement agencies of suspected criminal activity.
 Ark. Code Ann. 25-19-105(b)(6) (Repl. 1992). Exemptions to the FOIA are to be construed narrowly. Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992); Hengel v. City of Pine Bluff, 307 Ark. 457, 821 S.W.2d 761
(1991); Legislative Joint Auditing Comm. v. Woosley, 291 Ark. 89, 722 S.W.2d 581 (1987).
 One commentator on the FOIA in Arkansas has this to say about the criminal investigation exemption:
 The need for subsection (b)(6), the basic exemption, is obvious; for example, disclosure of such records would hamper the police in investigating a crime before formal charges had been filed and could be detrimental to persons under investigation but subsequently exonerated of all wrongdoing. Despite these and other compelling reasons for the exemption, its precise meaning is hardly clear.
 J. Watkins, Arkansas Freedom of Information Act, p. 86 (2d ed. 1994). In discussing what constitutes an investigation, we cited authority in Hengel v. City of Pine Bluff, supra, to the effect that investigatory records are records dealing with the detection of crime. See Caledonian Record Pub. Co. v. Walton, 154 Vt. 15, 573 A.2d 296 (1990). We have also held that an undisclosed investigation includes those that are open and ongoing. Martin v. Musteen, 303 Ark. 656, 799 S.W.2d 540
(1990).
Although both the supreme court and this office have on various occasions declared that arrest records themselves are subject to disclosure, see, e.g., Hengel, supra; Ark. Ops. Att'y Gen. Nos. 2002-064, 92-207, it does not necessarily follow that the investigative file relating to the arrestee must likewise be disclosed. As one of my predecessors noted in Ark. Op. Att'y Gen. No. 89-311:
 With regard to arrests, it is possible that the particular facts of a case will result in the "closing" of an investigation upon an arrest, effectively opening the file to the public. The FOIA does not, however, address the issue of how a police agency determines when an investigation is complete, short of trial or an expiration of the statute of limitations.
 It is therefore my opinion that the FOIA cannot be interpreted in such a way as to require the disclosure of law enforcement investigative records upon every arrest, without a determination by the arresting agency that the case is "closed." Please note that the above conclusion applies to records of the actual investigation, not such ancillary records as incident reports, jail logs, dispatch logs, etc., which may be maintained outside the investigative file.
This office has on various occasions opined that investigative files normally should be made available for inspection when the investigation is "closed" by administrative action, the running of the statute of limitations or trial on the merits. See, e.g., Ark. Ops. Att'y Gen. Nos.89-311, 89-158, 89-101, 88-076, 88-055 and 87-182. However, given the numerous factual matters that may bear on the question, I am not prepared to opine that the recited means are the only ones available to "close" a file — or for that matter, that an investigative file should invariably be considered "closed" upon the occurrence of one of the recited events. As a practical matter, it may be that an investigation is indeed concluded when the authorities effect an arrest and hand the file over to the prosecutor. Nevertheless, in some situations, such as when the authorities are conducting a larger investigation, the investigation will not be "closed" merely as the result of an arrest, or a trial or, possibly, even a concluded appeal. In response to your question, then, I can do no more than echo my predecessors in opining that determining whether a particular investigation is "ongoing" will always entail conducting an inquiry into the facts of a specific case. See Martin,303 Ark. at 660; Ark. Ops. Att'y Gen. Nos. 2002-149, 98-151, 98-127, 93-156, 90-305. In the first instance, the custodian of records must make this determination, see Ark. Op. Att'y Gen. No. 95-351, possibly subject to anin camera review by a court entertaining the issue of disclosability. SeeJohninson, supra, and Ark. Op. Att'y Gen. No. 98-151.
Question 2: After a verdict is rendered, are police investigation filesopen to copying and inspection?
As suggested in my response to your previous question, the rendering of a verdict in a case is only one of the factors that might potentially bear on the determination of whether a particular investigation is "ongoing." Although logic clearly suggests that investigation of the matter litigated will be complete by the time judgment issues, the possibility remains that the file will remain exempt from disclosure as part of a larger investigation. See, e.g., Martin, supra (exempting file from disclosure when information therein was a part of an ongoing larger drug investigation); compare Arkansas Gazette Co. v. Goodwin, 304 Ark. 204,801 S.W.2d 284 (1990) (closing investigative file on former Attorney General Steve Clark, but only during the pendency of his trial). As previously noted, the custodian of records, subject to possible judicial review, must determine disclosabilty based upon a review of all the facts.
Question 3: After the appellate process is exhausted, are policeinvestigation files open to copying and inspection?
This question closely resembles one addressed in Ark. Op. Att'y Gen.93-156, in which my predecessor considered whether a prosecutor might withhold disclosure of his case file until a defendant either failed to file a notice of appeal or the case was affirmed by an appellate court. My predecessor offered the following conclusion, with which I fully concur:
 It is my opinion that if the investigation of this matter is not "open and ongoing" and no protective order has been entered, the case file is subject to inspection and copying under the FOIA. Whether the investigation is "open and ongoing" is a question of fact to be decided on a case-by-case basis.
Although a matter that has been the subject of a completed judicial appeal will in most instances not qualify as "open and ongoing," only a specific factual analysis can confirm as much in any given instance.
Question 4: If these files are being used in another investigation, doesthis change your opinion as to all of the above?
As indicated in my previous responses, the existence of an ongoing larger investigation may well influence a custodian or reviewing court in determining whether the exemption continues to apply to an investigative file. The nature and extent of any such ongoing investigation are among the factors a finder of fact must consider.
According to the North Little Rock City Attorney's recital of facts, the police have concluded their investigation of the February 2002 aggravated robbery but may "potentially" use the investigative file in another investigation of a local robbery. In my opinion, in determining whether the file remains exempt from disclosure, a finder of fact might well inquire into whether the investigation of the other robbery is currently active, whether the "potential use" of the investigative file at issue is ever likely to be realized in the second investigation and, if so, what range of information gathered in connection with the first investigation is likely to bear on the second. I am neither authorized nor equipped to undertake any such intensely factual inquiry into whether an investigation remains "open and ongoing."
I should further note the possibility that an investigation might be closed with respect to the police but remain open with respect to the prosecutor. In such an instance, I believe neither the police nor the prosecutor would be warranted in releasing the investigative file. As my immediate predecessor noted in Ark. Op. Att'y Gen. No. 98-127:
 To allow one agency to release records that are exempt from release by another agency would defeat the purpose of the exemption. For this reason, I conclude that an investigation is not "completed" simply because it is transferred from one agency to another.
Accord Ark. Op. Att'y Gen. No. 2002-149. The North Little Rock Police Department's reported policy of not releasing an arrestee's investigative file until after trial would appear to be consistent with this principle. However, insofar as it fails to acknowledge that a closed file might be nondisclosable because it is germane to a larger investigation, I believe the department's policy might be overly rigid.
Finally, I should briefly address the city attorney's passing reference to the fact that the investigative file apparently contains some information pertaining to a confidential informant. As this office has previously noted in Ark. Ops. Att'y Gen. Nos. 2002-149 and 90-305, the Arkansas Supreme Court has clearly indicated that the FOIA contains no provision protecting the identities of and substantive information provided by confidential informants. See Martin, supra, and McCambridge,supra. The court in Martin made clear that only the legislature could craft a special exemption applying to confidential informants.303 Ark. at 58.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh